UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                                                                       Case No. 8:05-CR-326-T-27MAP

GABRIEL BELTRAN

_____/

SENTENCING ORDER

**THIS CAUSE IS** before the Court for sentencing. Defendant Gabriel Beltran pleaded guilty to Counts One and Two of the Indictment, which charged him with transporting and possessing child pornography. There was no plea agreement. As to Count One, a minimum mandatory term of five years applies with the maximum term of imprisonment of twenty years. As to Count Two, he faces up to ten years of imprisonment. The advisory guideline range is 121 - 151 months of imprisonment. For the following reasons, and pursuant to 18 U.S.C. § 3553(a)(1), the Court finds that an eight year sentence (96 months) is sufficient but not greater than necessary to comply with the statutory purposes of sentencing.

As the Government acknowledges, this Defendant endured a "miserable" childhood. He was neglected and resided in a home with domestic violence. His mother was severely addicted to alcohol and drugs. He had little to no contact with or guidance from his father. His mother ultimately lost custody of the Defendant because of her inability to care for him and he became a ward of the State of New York. He was shuttled between foster homes and group homes and at times lived on the streets. While at a foster home, Defendant was sexually abused. He ran away from that particular

foster home but was returned to it by the authorities.[1]

Defendant was evaluated by Dr. Michael Maher, M.D., a Board Certified Forensic Psychiatrist, whose credibility has not been challenged. Dr. Maher diagnosed Defendant with Post Traumatic Stress Syndrome based on childhood trauma (sexual abuse). According to Dr. Maher, Defendant engaged in these offenses to "a significant degree because of his underlying traumatic experiences related to sexual behavior and his background."

Dr. Maher found Defendant to have a level of anxiety associated with sexual matters related to children which he characterized as "extreme" and "unusual." He explained that Defendant's obsession with child pornography images is characteristic of one suffering from Post Traumatic Stress Disorder and that individuals suffering from Post Traumatic Stress Disorder typically become obsessed with something that has injured them. As the Court understands from Dr. Maher, an individual who suffers a traumatic experience is often drawn to that which caused the trauma, in an inappropriate effort to resolve that which is unresolved, notwithstanding that the individual knows his conduct to be inappropriate or unlawful.

Dr. Maher explained that individuals with traumatic sexual childhood experiences who develop sexual perversion disorders generally exhibit a long, clear and relatively easily established trail of misbehavior toward children from adolescence onward. Dr. Maher typically sees this recurring in dreams, for example, a reliving of the experience or in relationships that repeat those episodes. Each of these would be indicative of a sexual perversion disorder. Significantly, Dr. Maher found that this Defendant does not have such a history and there have been no reported

---

[1] It has been acknowledged, albeit in a death penalty case, that defendants who commit criminal acts which are attributed to disadvantaged backgrounds or to emotional or mental problems are considered to be less culpable than defendants without those excuses. *See Penry v. Lynaugh*, 492 U.S. 302, 319 (1989).

incidences or complaints of misbehavior toward children. According to Dr. Maher, this Defendant has Post Traumatic Stress Disorder but without any accompanying sexual perversion disorder.

From a review of Defendant's treatment records, including an extensive study at the Children's Village in Dobbs Ferry, New York when Defendant was eight years old, Dr. Maher found that Defendant was determined to be obsessed with sex, which was atypical for a child of that age. However, there was no documented behavior described as a continuing, ongoing part of that obsession throughout Defendant's adolescence. An atypical obsession with sex by an eight year old would be, in Dr. Maher's opinion, typical of a child who has been sexually molested, consistent with Defendant's reported history. Rather than exhibiting outward inappropriate sexual behavior toward others, this Defendant, as Dr. Maher observed, participated in petty theft offenses with his peers, which Dr. Maher found to be inconsistent with a developing sexual perversion disorder.

This Defendant was administered a forensic polygraph examination. The examination focused on Defendant's sexual history and his offense conduct. Essentially, Defendant's responses were considered to be truthful by the forensic examiner.

Dr. Maher considered Defendant's passage of the polygraph examination significant to the extent that it corroborated and was consistent with Defendant's reported childhood sexual abuse. That is, it corroborated Defendant's reported history of sexual abuse at an early age, that he had no history of inappropriate sexual activity or allegations of sexual misbehavior against children and that he experienced no sexual interest in the images he possessed.

According to Dr. Maher, this Defendant "does not meet the criteria for a sexual perversion or for pedophilia in particular." He opined that it is highly unlikely that Defendant will engage in behavior directly harmful to children and that his prognosis for substantial improvement, with

psychiatric treatment, is good. In view of the Defendant's overall history, including his positive relationship in a mature, heterosexual context with his fiancé, Dr. Maher found it to be "highly unlikely" that he would engage in "overt behaviors directly harmful to children." Although he recognized that there is a potential for engaging in conduct similar to the offense of conviction, he found this Defendant to be highly motivated for treatment and possessing a capacity to learn from his mistakes. He noted that the Defendant voluntarily entered treatment at the Northside Medical Center after being arrested and that Defendant sought out treatment for "internally motivated reasons" related to his Post Traumatic Stress Disorder rather than for any associated benefits he may receive during legal proceedings.

Based on Dr. Maher's testimony, it is undisputed that this Defendant's Post Traumatic Stress Disorder contributed significantly to the commission of the instant offense. Dr. Maher opines that Defendant's obsession with child pornography is not the result of pedophilia or other sexual perversion disorder but rather from anxiety associated with the traumatic sexual abuse suffered as a child. He is in need of psychiatric treatment and is highly motivated to address his unresolved difficulties with that childhood trauma. In the opinion of Dr. Maher, it is "highly unlikely" that he would engage in conduct directly harmful to children and there is a very low probability that he would engage in conduct similar to the offense of conviction, if treated.

This Defendant, because of the seriousness of the offense, must be punished by a lengthy term of imprisonment. Only a length sentence will promote respect for the law and provide adequate deterrence. Notwithstanding, given the unique history and characteristics of this Defendant's background, a just punishment would be less than the 10 - 12 year advisory guideline range. An eight year sentence would be sufficient but not greater than necessary to meet the statutory purposes of sentencing as well ensure that this Defendant is provided necessary medical care and treatment

to address his Post Traumatic Stress Disorder. Having considered each of the sentencing factors set forth in § 3553(a), the Court accordingly finds that an eight year sentence (96 months) is a just and reasonable punishment.

The Court has recommended to the Bureau of Prisons that a facility be designated which will provide this Defendant with necessary psychiatric counseling and treatment.

**DONE AND ORDERED** in chambers this 17th day of February, 2006.

**JAMES D. WHITTEMORE**
United States District Judge

Copies to:
Counsel of Record
U.S. Probation Office
Bureau of Prisons